# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | } | |
| TAYLOR RAMIREZ | } | CASE NO.  19-81040-CRJ-7 |
| SSN:   XXX-XX-3776 | } | |
| ASHLEY RAMIREZ | } | CHAPTER 7 |
| SSN:   XXX-XX-3415 | } | |
| Debtor(s). | } | |

## ORDER DENYING DEBTORS' MOTION
## TO SET ASIDE DISCHARGE

Before the Court is the Debtors' Motion to Set Aside Discharge to allow the Debtors and PNC Bank to file a Reaffirmation Agreement. On July 3, 2019, the Court entered an Order of Discharge, granting the Debtors' Chapter 7 discharge. The Debtors state that they filled out a reaffirmation agreement for their homestead and returned the agreement to the mortgage holder, PNC Bank, but PNC was unable to file the agreement before the Debtors' discharge was entered.

Section 524(c) of the Bankruptcy Code provides that a reaffirmation agreement is enforceable "**only if** -- (1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title."[1] Any reaffirmation agreement that does not meet the strict requirements of 11 U.S.C. § 524(c) is unenforceable.[2]  The timing requirement imposed by § 524(c)(1) is a matter of substantive statutory law which cannot be waived or extended after the entry of discharge.[3]  Accordingly, this Court has consistently held that a reaffirmation agreement executed post-discharge is unenforceable and that the Court lacks jurisdiction to vacate a discharge order for the purpose of approving a reaffirmation agreement executed in violation of 11 U.S.C. § 524(c).

Rule 4008(a) of the Federal Rules of Bankruptcy Procedure further provides that a "reaffirmation agreement shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code. . . ."[4]  In this case, the first date set for the Chapter 7 § 341

---

[1]   11 U.S.C. § 524(c)(1)(emphasis added).

[2]   *See In re Eastep,* 562 B.R. 783, 788 (Bankr. W.D. Okla. 2017)(explaining that a "majority of courts hold that a reaffirmation agreement made post-discharge is unenforceable").

[3]   *In re Cottrill*, 2007 WL 1760927 *2 (Bankr. N.D. W. Va. 2007)(Athe statutory requirement cannot be waived or extended after discharge occurs@); *In re Graham*, 297 B.R. 695, 699 (Bankr. E.D. Tenn. 2003).

[4]   FED. R. BANKR. P. 4008(a).

Meeting of Creditors was May 3, 2019. Accordingly, any reaffirmation agreements were required to be filed no later than July 2, 2019.

Congress imposed a limited period for entering into reaffirmation agreements to protect debtors from making "ill-advised" decisions after having their debts discharged.[5] Thus, once the Bankruptcy Court grants the debtor's Chapter 7 discharge, the deadline for entering into a reaffirmation agreement expires, and the Bankruptcy Court lacks jurisdiction to approve an agreement subsequent to the discharge date.[6] As explained in the case of *In re Eastep,* 562 B.R. 783 (Bankr. W.D. Okla. 2017), there is no legal basis to revoke a debtor's discharge to file a reaffirmation agreement:

> Although not a direct issue here, the Court notes that it would not entertain an "end run" motion to revoke the discharge order for the purpose of filing a reaffirmation agreement. Section 727(d) specifically provides that the Court will only revoke a discharge on the timely request of the *trustee or a creditor* and, then, only on the grounds specified. "There is no provision for the setting aside of a discharge upon the insistence of the debtors themselves, nor is there a provision that the debtors' desire to reaffirm a debt is cause for revocation of a discharge." *In re Pettet,* 271 B.R. 855 (Bankr. S.D. Ind. 2002); *In re Kirk*, 2014 WL 1248040 (Bankr. N. M. 2014) (holding the court has no ability to retroactively vacate a discharge order for the purpose of permitting the filing of the reaffirmation agreement); *In re Engles*, 384 B.R. 593 (Bankr. N.D. Okla. 2008) ("This court is not alone in its conclusion that a bankruptcy court does not have the authority to vacate a discharge for the purpose of filing a post-discharge reaffirmation agreement."); and *In re Carrillo*, 2007 WL 2916328 (Bankr. D. Utah 2007) ("Section 524(c)(1) is clear on its face. A debtor must enter into a reaffirmation agreement before a discharge is issued. The Court would undermine this statutory requirement and obfuscate its importance if it granted the relief requested. The debtor does not point any specific authority which would allow the Court to reach such a result and neither does the Court believe that such authority exists.").[7]

---

5     *See In re Cottrill*, 2007 WL 1760927 *2 (Bankr. N.D. W. Va. 2007).

6     *See In re Eastep,* 562 B.R. 783, 788 (Bankr. W.D. Okla. 2017); *In re Gibson*, 256 B.R. 786, 788-89 (Bankr. W.D. Mo. 2001); *In re Stewart*, 355 B.R. 636, 638 (Bankr. N.D. Ohio 2006)(refusing to vacate debtor=s discharge for the limited purpose of approving a reaffirmation agreement and finding that bankruptcy courts are without jurisdiction to approve a reaffirmation agreement once discharge has entered); *In re Farris,* 2009 WL 6499264 (Bankr. N.D. Ga. 2009)(courts lack jurisdiction to approve post-discharge reaffirmation agreements); *In re Graham*, 297 B.R. 695, 699 (Bankr. E.D. Tenn. 2003)(explaining that the unambiguous language of ' 524(c) provides that reaffirmation agreements must be entered into prior to discharge to have legal significance).

7     *In re Eastep,* 562 B.R. at n.4.

Pursuant to 11 U.S.C. § 524(c), and in conformity with a majority of the courts having ruled on this issue, the Court finds that it lacks authority to vacate the Discharge Order for the limited purpose of extending the time for the Debtors to enter into a reaffirmation agreement with PNC Bank.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Debtors' Motion to Set Aside Discharge is **DENIED.**

Dated this the 8th day of July, 2019.

>  /s/ Clifton R. Jessup, Jr.
> Clifton R. Jessup, Jr.
> United States Bankruptcy Judge